# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

GEORGE CHARLES COCCHIA,

    Petitioner,

vs.

BRIAN E. WILLIAMS, *et al.*,

    Respondents.

2:10-CV-02124-PMP-PAL

**ORDER**

Petitioner, Represented by counsel, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 4, 2011, respondents moved to dismiss the petition. (ECF No. 13). As of the date of this Order, petitioner has not responded to the motion or sought additional time within which to do so.

The motion to dismiss contends the petition cannot survive because it is not properly signed, is untimely and/or the claims are unexhausted or procedurally barred.[1] Local Rules of Practice, Rule 7-2(d) provides that "the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion.

**Statute of Limitations**

Respondents contend that petitioner has filed his federal habeas petition with more than 463 days of untolled time having passed between the date that his conviction became final and the date the petition was submitted for filing in this Court.

---

[1] The Court shall address only the issue of the statute of limitations and makes no ruling as to the issues raised by respondents of proper verification or the petition, exhaustion or procedural bar.

Under the AEDPA statute of limitations, a petition for writ of habeas corpus generally must be filed within one year from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A). The Ninth Circuit Court of Appeals has held that the "time for seeking direct review" under 28 U.S.C. §2244(d)(1)(A) includes the ninety-day period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court under Supreme Court Rule 13, whether or not the petitioner actually files such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

In petitioner's case the conviction became final ninety days after March 7, 2007, or on June 5, 2007, because petitioner did not seek certiorari from the United States Supreme Court. The time period was tolled on March 7, 2008, when he filed his state post-conviction petition. Exhibit 48A.[2] Two hundred and seventy-six days had expired by that time. On denial of the petition by the state district court, petitioner filed a notice of appeal. Exhibits 59 and 60. The limitations period remained tolled until the Nevada Supreme Court decided that appeal and issued its remittitur on June 1, 2010. Exhibit 89. Petitioner did not file his federal petition until December 7, 2010, after an additional 189 days had expired. Thus, a total of 465 days passed between the time that petitioner's conviction became final and the time he appeared before this Court. The petition is untimely.

Because petitioner has offered no opposition to respondents' contentions, the Motion to Dismiss (ECF No. 13) shall be granted and the petition shall be dismissed with prejudice as untimely.

**Certificate of Appealability**

Should petitioner wish to appeal this decision, he must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).

---

[2] Any exhibits referenced in this order were submitted by respondents in support of their Motion to Dismiss and are found in the Court's docket at ECF Nos. 14-17.

Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The Court will therefore deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss (ECF No. 13) is **GRANTED.**

**IT IS FURTHER ORDERED** that no Certificate of Appealability is warranted and none shall issue.

**The Clerk shall enter judgment accordingly**.

DATED: June 6, 2011.

_____
PHILIP M. PRO
United States District Judge